UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAMEKA CAGE                                              CIVIL ACTION

VERSUS                                                   NO. 26-541-RLB

STEP UP ORGANIZATION, ET AL.                            CONSENT

## ORDER

Before the Court are Plaintiff's Motion to Proceed under a Pseudonym (R. Doc. 2) and Motion to File Exhibits Under Seal (R. Doc. 5).

### I.    Background

On May 15, 2026, Dameka Cage ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, commenced this civil action against her alleged former employer, Step Up Organization, as well as Step Up Louisiana and various individual defendants, alleging that she was retaliated against for refusing to participate in illegal political campaigning for a judicial candidate. (R. Doc. 1; R. Doc. 1-1 at 1-2). Plaintiff filed a Charge of Discrimination and received a Determination and Notice of Rights letter from the U.S. Equal Employment Opportunity Commission ("EEOC") on March 30, 2026. (*See* R. Doc. 1-1 at 3-9). It appears that Plaintiff is seeking relief pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, as well as 26 U.SC. § 501(c)(3). (R. Doc. 1 at 3).

While Plaintiff openly identified herself on the caption of her initial pleading, she stated that she was "proceeding under pseudonym motion pending" and separately filed her Motion to Proceed Under a Pseudonym, through which she seeks leave to proceed as "Jane Doe" in this proceeding. (R. Doc. 1 at 1; *see* R. Doc. 2). Plaintiff then filed her sealed Motion to File Exhibits Under Seal. (R. Doc. 5).

D. Cage

II.    **Law and Analysis**

    A.    **Plaintiff's Motion to Proceed Under a Pseudonym**

In federal court, the title of a complaint "must name all of the parties." Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 4(a)(1)(A) (requiring the parties to be named on a summons); Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."). The requirement that the parties must be identified in the pleadings "protects the public's legitimate interest in knowing all the facts involved in the case, including the parties' identities." *Doe v. Compact Info. Sys., Inc.*, No. 13-5013, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 323. Under certain circumstances, however, "a party may proceed anonymously or under a pseudonym." *Doe v. Louisiana State Univ.*, No. 20-379, 2020 WL 6493768, at *1 (M.D. La. June 30, 2020) (quoting *Doe v. Griffon Mgmt. LLC*, No. 14-2626, 2014 WL 7040390, at *1 (E.D. La. Dec. 11, 2014)).

There is "no hard and fast formula for ascertaining whether a party may sue anonymously. The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (allowing parent and two child litigants to proceed anonymously in constitutional challenge to prayer and Bible reading exercises in public schools). Relevant factors for determining whether to permit a party to proceed anonymously include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiffs to disclose information of the utmost intimacy; (3) whether the plaintiffs are compelled to admit prior violations of state laws or government regulations, or their intention to engage in illegal

2

conduct, thereby risking criminal prosecution; (4) whether the plaintiffs may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed; and (5) whether the plaintiffs are minors. *Stegall*, 653 F.2d at 185; *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). Courts also consider (6) the public's interest in the litigation. *See Stegall*, 653 F.2d at 185 (discussing public's right to attend trials and right to know the identity of the parties); *see also Femedeer v. Haun*, 227 F.3d 1244, 1246-47 (10th Cir. 2000) ("[T]he public has an important interest in access to legal proceedings, particularly those attacking the constitutionality of popularly enacted legislation. And, without [the plaintiff's] identity in the public record, it is difficult to apply legal principles of res judicata and collateral estoppel.")

In short, "[l]awsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).

Having considered the foregoing factors, the Court will deny Plaintiff's request to proceed anonymously. As an initial matter, Plaintiff openly filed her initial pleading in the record using her real name, which weighs against allowing Plaintiff to now proceed anonymously. *Perelman v. Visa USA, Inc.*, No. 24-9793, 2025 WL 2962006, at *2 (S.D.N.Y. Oct. 20, 2025) ("Insofar as Plaintiff filed this case in his own name and only after a year sought to proceed anonymously, his identity is already public. The cat is out of the bag.").

Even if Plaintiff had not already publicly disclosed her identity in the Complaint, the Court would deny the instant motion. In short, Plaintiff has failed to establish that this is an

3

exceptional case in which she should be allowed to proceed anonymously.[1] Plaintiff is not seeking to challenge governmental activity. The lawsuit will not require the disclosure of information of the utmost intimacy. Plaintiff has not identified any potential risk of criminal prosecution. While Plaintiff has made conclusory allegations regarding potential further retaliation, reputational harm, and potential loss of public housing assistance if her identity is known to the public, Plaintiff provides no specific explanation of how such harm will befall her. Plaintiff has not identified any extensive harassment or violent reprisals if her identity remains disclosed. Plaintiff is not proceeding as a minor. The public has an interest in the source of allegations regarding political coercion and nonprofit misconduct.

For the foregoing reasons, the Court will deny Plaintiff's Motion to Proceed Under a Pseudonym.

### B.      Plaintiff's Motion to File Exhibits Under Seal (R. Doc. 5).

The Complaint attached copies of a letter from the East Baton Rouge Parish Housing Authority, the Charge of Discrimination, and the EEOC's Determination and Notice of Rights letter. (*See* R. Doc. 1-1). These documents were not filed under seal and are part of the public record.

Plaintiff now seeks to file an additional 12 documents into the record under seal. (R. Doc. 5). These documents were not filed with the Complaint and are not otherwise adopted by reference pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff has left various telltale signs of the use of artificial intelligence in drafting her motion. Among other things, Plaintiff has included the following prompts for the inclusion of further generative AI: "If you want to expand this section, tap **expand factual basis**"; "If you want a deeper explanation, tap **pseudonym legal standard**"; and "If you want to expand this argument, tap **expand argument.**" (*See* R. Doc. 2 at 2-3) (emphasis in the original). Plaintiff is reminded that even though she is a *pro se* litigant, she is bound by the requirements of Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff is not seeking leave to file these "exhibits" as part of any motion or pleading. Instead, it appears that Plaintiff is seeking to file these documents into the record for the purposes of discovery or evidence for trial. The Court will not enter discovery into the record until it used in the proceeding. *See* Fed. R. Civ. 5(d)(1)(A) ("[D]isclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission."). Plaintiff may produce these documents to the named defendants if and when discovery commenced in this action. Furthermore, the Court will only accept evidence to be entered into trial at the appropriate time of this proceeding.

For these reasons, the Court will deny Plaintiff's Motion to File Exhibits Under Seal (R. Doc. 5). That motion, and the attached exhibits, however, shall remain sealed in the record.

## III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Proceed under a Pseudonym (R. Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Exhibits Under Seal (R. Doc. 5) is **DENIED**. The motion and the attached exhibits shall remain filed under seal in the record.

Signed in Baton Rouge, Louisiana, on May 21, 2026.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

5