**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAMEKA CAGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-541-RLB** |
| **STEP UP ORGANIZATION, ET AL.** | **CONSENT** |

**ORDER**

Before the Court are Plaintiff's Motion for Leave to Amend to Correct the Name of Defendant Employer (R. Doc. 12) and Motion for Service of Process by the United States Marshal and for Extension of Time to Serve under Fed. R Civ. P. 4(m) (R. Doc. 13).

On May 15, 2026, Dameka Cage ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, commenced this civil action, naming as defendants Step Up Organization, Step Up Louisiana, and various individual defendants, alleging that she was retaliated against for refusing to participate in illegal political campaigning for a judicial candidate. (R. Doc. 1; R. Doc. 1-1 at 1-2). Plaintiff filed a Charge of Discrimination and received a Determination and Notice of Rights letter from the U.S. Equal Employment Opportunity Commission ("EEOC") on March 30, 2026. (*See* R. Doc. 1-1 at 3-9). It appears that Plaintiff is seeking relief pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, as well as 26 U.SC. § 501(c)(3). (R. Doc. 1 at 3).

Plaintiff filed a Motion to Proceed in forma pauperis in conjunction with the Complaint. (R. Doc. 3). The Court issued an Order granting Plaintiff's Motion to Proceed in forma pauperis. (R. Doc. 6). Within the Court's Order, the Clerk of Court was directed to issue process to the defendants. Plaintiff was further advised that it is her responsibility to serve the summons and complaint on the defendants.

On August 26, 2026, the Court informed Plaintiff that failure to serve the defendants will result in an order to show cause as to why the claims against defendants should not be dismissed under Rule 4(l) and (m) of the Federal Rules of Civil Procedure for lack of service and/or proof of service. (R. Doc. 9).

On September 4, 2026, Plaintiff filed into the record purported proofs of service on the defendants. (R. Doc. 10). After the defendants did not make an appearance in this action, the Court found service to be insufficient for various reasons. Accordingly, on November 6, 2026, the Court ordered Plaintiff to show cause why the claims against defendants should not be dismissed under Rule 4(l) and (m) of the Federal Rules of Civil Procedure for lack of service and/or proof of service. (R. Doc. 11).

At the time the Court issued the foregoing Show Cause Order, the Clerk's Office had not yet docketed the two instant motions, which were filed by Plaintiff on the previous day. (*See* R. Docs. 12, 13).

Plaintiff's Motion for Leave to Amend to Correct the Name of Defendant Employer (seeks an order substituting "Step Up Louisiana Organizing Fund, d/b/a Step Up Louisiana" as the named employer-defendant in place of both "Step Up Organization" and "Step Up Louisiana," and for the Clerk's Office to correct the docket to identify this defendant. (R. Doc. 12). The Court will allow this amendment pursuant to Rule 15(a)(2). The amended does not seek to add any new claims or facts. It merely seeks to correct the name and identify of the employer-defendant. Plaintiff is warned, however, that any future attempts at amendment must include an attached proposed pleading identifying the specific amendments sought.

Plaintiff's Motion for Service of Process by the United States Marshal and for Extension of Time to Serve under Fed. R Civ. P. 4(m) acknowledges that Plaintiff's attempts at service

were insufficient. (R. Doc. 13). Plaintiff asserts that she has been diligent in attempting to serve the defendants. Furthermore, Plaintiff, who is proceeding *in forma pauperis*, now seeks to have service performed by the U.S. Marshals Service in accordance with Rule 4(c)(3) of the Federal Rules of Civil Procedure. Plaintiff has submitted a U.S. Marshal Form 285 for each defendant to be served. (*See* R. Doc. 13-1).

Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The court must order such service "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as seaman under 28 U.S.C. §1916." *Id.*

Given that Plaintiff has sought service by the U.S. Marshals Service pursuant to Rule 4(c)(3), the Court will direct the U.S. Marshals Service to perfect service on all defendants and will extend the deadline to serve all defendants by an additional 60 days. *See* Fed. R. Civ. P. 4(m).

Having considered the record,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend to Correct the Name of Defendant Employer (R. Doc. 12) is **GRANTED**, and that Motion shall constitute the First Amended Complaint for the sole purpose of identifying "Step Up Louisiana Organizing Fund, d/b/a Step Up Louisiana" as the employer-defendant in place of both "Step Up Organization" and "Step Up Louisiana." The Clerk's Office shall issue summons with respect to "Step Up Louisiana Organizing Fund, d/b/a Step Up Louisiana" and correct the docket to identify this defendant.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Process by the United States Marshals Service and Motion for Extension of Time to Serve (R. Doc. 13) is **GRANTED.**

**IT IS FURTHER ORDERED** that the deadline to complete service on all Defendants is set for **60 days** from the date of this Order.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall serve the summons and complaint on the defendants wherever found.

**IT IS FURTHER ORDERED** that Plaintiff need not file any additional written response to the Court's Show Cause Order filed on November 6, 2026.

Signed in Baton Rouge, Louisiana, on November 10, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**